☒ FILED  ☐ LODGED

**Dec 03 2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

ADDISON OWEN
Arizona State Bar No. 031263
DIAMOND ZAMBRANO
Arizona State Bar No. 036390
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email:Addison.Owen@usdoj.gov
       Diamond.Zambrano@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-25-01085-002-PHX-DWL |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| Janeth Karina Montoya-Estrada, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, JANETH KARINA MONTOYA-ESTRADA, hereby agree to resolve this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to Count 1 of the Information charging the defendant with a violation of Title 18 United States Code (U.S.C.) § 111(a), Assault on a Federal Officer, a Class A misdemeanor offense.

2. **MAXIMUM PENALTIES**

   a.  A violation of 18 U.S.C. § 111(a)(1), a Class A misdemeanor offense, is punishable by a maximum fine of $100,000 a maximum term of imprisonment of one year,

1 or both, and a term of supervised release up to one year and a maximum term of probation
2 of five years.
3     b.    According to the Sentencing Guidelines issued pursuant to the Sentencing
4 Reform Act of 1984, the Court shall order the defendant to:
5         (1)    make restitution to any victim of the offense pursuant to 18 U.S.C.
6 § 3663 and/or 3663A, unless the Court determines that restitution would not be
7 appropriate;
8         (2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a
9 fine is not appropriate;
10         (3)    serve a term of supervised release when required by statute or when a
11 sentence of imprisonment of more than one year is imposed (with the understanding that
12 the Court may impose a term of supervised release in all other cases); and
13         (4)    pay upon conviction a $25 special assessment for each count to which
14 the defendant pleads guilty pursuant to 18 U.S.C. § 3013.
15     c.    The Court is required to consider the Sentencing Guidelines in determining
16 the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court
17 is free to exercise its discretion to impose any reasonable sentence up to the maximum set
18 by statute for the crime(s) of conviction, unless there are stipulations to the contrary that
19 the Court accepts.
20     d.    The defendant recognizes that pleading guilty may have consequences with
21 respect to defendant's immigration status if the defendant is a recently naturalized United
22 States citizen or is not a citizen of the United States. Under federal law, a broad range of
23 crimes are removable offenses, including the offense(s) to which defendant is pleading
24 guilty. Although there may be exceptions, the defendant understands that the defendant's
25 guilty plea and conviction for this offense make it practically inevitable and a virtual
26 certainty that the defendant will be removed or deported from the United States. The
27 defendant agrees that defendant has discussed this eventuality with defendant's attorney.
28 The defendant nevertheless affirms that defendant wants to plead guilty regardless of any

immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

**3.  AGREEMENTS REGARDING SENTENCING**

   a.  Recommendation: Acceptance of Responsibility. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

   b.  Stipulation: Imprisonment. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that any sentence of imprisonment imposed shall not exceed six months. This stipulation does not preclude the court from imposing a probation sentence.

   c.  Non-Binding Recommendations. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

   d.  Presentence Investigation Report Waiver. The United States and the defendant agree to waive the preparation of a presentence investigation report and agree that sentencing may occur on the day of the change of plea hearing. However, the parties understand and acknowledge that the Court may nevertheless order the preparation of a presentence investigation report and set sentencing on a future date.

   e.  District Judge Waiver. The defendant understands and acknowledges that the defendant has the right, pursuant to 18 U.S.C. § 3401, to trial, judgment and sentencing by a district judge. The defendant expressly waives those rights and agrees to proceed before a magistrate judge for change of plea and sentencing. In doing so, the defendant

1 also agrees to appear before a magistrate judge for any future proceedings involving
2 revocation of any probation or supervised release term imposed. The United States also
3 agrees to proceed before a magistrate judge. The parties understand that the Court may
4 nevertheless order the proceedings to take place before a District Judge.

5 **4.   AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

6        a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of
7 sentencing, shall dismiss Counts 1-2 of the Indictment.

8        b.    This agreement does not, in any manner, restrict the actions of the United
9 States in any other district or bind any other United States Attorney's Office.

10 **5.   COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

11       a.    If the Court, after reviewing this plea agreement, concludes that any
12 provision contained herein is inappropriate, it may reject the plea agreement and give the
13 defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.
14 11(c)(5).

15       b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,
16 vacated, or reversed at any time, this agreement shall be null and void, the United States
17 shall be free to prosecute the defendant for all crimes of which it then has knowledge and
18 any charges that have been dismissed because of this plea agreement shall automatically
19 be reinstated. In such event, the defendant waives any and all objections, motions, and
20 defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional
21 restrictions in bringing later charges or proceedings. The defendant understands that any
22 statements made at the time of the defendant's change of plea or sentencing may be used
23 against the defendant in any subsequent hearing, trial, or proceeding subject to the
24 limitations of Fed. R. Evid. 410.

25 **6.   WAIVER OF DEFENSES AND APPEAL RIGHTS**

26       The defendant waives (1) any and all motions, defenses, probable cause
27 determinations, and objections that the defendant could assert to the indictment or
28 information; and (2) any right to file an appeal, any collateral attack, and any other writ or

motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7. **DISCLOSURE OF INFORMATION**

a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b. Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c. The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1) criminal convictions, history of drug abuse, and mental illness; and

(2) financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8. **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a. Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding

with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9.   ELEMENTS**

**Assault on a Federal Officer**

On or about July 24, 2025, in the District of Arizona:

1. The defendant forcibly assaulted a federal officer; and
2. The defendant did so while the federal officer was engaged in, or on account of their official duties.

**10.   FACTUAL BASIS**

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

> On July 24, 2025, in Phoenix Arizona, I, Janeth Karina Montoya-Estrada, intentionally pushed Drug Enforcement Administration Special Agent (SA) T.G. a federal officer. When I pushed SA T.G. he was engaged in the performance of his official duties.

b. The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

1 **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

2   This agreement has been read to me in Spanish, and I have carefully reviewed
3 every part of it with my attorney. I understand it and I voluntarily agree to it.

4   I have discussed the case and my constitutional and other rights with my attorney.
5 I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,
6 to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to
7 present evidence in my defense, to remain silent and refuse to be a witness against myself
8 by asserting my privilege against self-incrimination, all with the assistance of counsel, and
9 to be presumed innocent until proven guilty beyond a reasonable doubt.

10   I agree to enter my guilty plea as indicated above on the terms and conditions set
11 forth in this agreement.

12   I have been advised by my attorney of the nature of the charges to which I am
13 entering my guilty plea. I have further been advised by my attorney of the nature and range
14 of the possible sentence and that my ultimate sentence shall be determined by the Court
15 after consideration of the advisory Sentencing Guidelines.

16   My guilty plea is not the result of force, threats, assurances, or promises, other than
17 the promises contained in this agreement. I voluntarily agree to the provisions of this
18 agreement and I agree to be bound according to its provisions.

19   I understand that if I am granted probation or placed on supervised release by the
20 Court, the terms and conditions of such probation/supervised release are subject to
21 modification at any time. I further understand that if I violate any of the conditions of my
22 probation/supervised release, my probation/supervised release may be revoked and upon
23 such revocation, notwithstanding any other provision of this agreement, I may be required
24 to serve a term of imprisonment or my sentence otherwise may be altered.

25   This written plea agreement, and any written addenda filed as attachments to this
26 plea agreement, contain all the terms and conditions of the plea. Any additional
27 agreements, if any such agreements exist, shall be recorded in a separate document and
28

may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

11/13/25
Date

*Janeth Montoya* (signature)
JANETH KARINA MONTOYA-ESTRADA
Defendant

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

I translated or had translated this agreement from English into  Spanish  to the defendant on the  13th  day of  November , 2025.

11/13/25
Date

MADELINE ANN MAYER
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

11/12/2025
Date

ADDISON OWEN
DIAMOND ZAMBANO
Assistant U.S. Attorney

**ACCEPTANCE BY THE COURT**

Dec 3, 2025
Date

HONORABLE ~~DOMINIC W. LANZA~~ Deborah M. Fine
United States ~~District~~ Judge Magistrate

- 9 -